```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

CHARLOTTE DIONNE                       :
                                       :
V.                                     :     CIVIL NO. 3:15-CV-1163
                                       :
CAROLYN COLVIN,                        :
COMMISSIONER OF THE                    :
SOCIAL SECURITY ADMINISTRATION         :
```

## ORDER DISMISSING CASE

The defendant has moved to dismiss the plaintiff's complaint for failure to timely file her case in federal court, pursuant to the Social Security Act, 42 U.S.C. § 405(g).  Section 405(g) states in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

It is undisputed that the plaintiff did not file her case within the 60-day limitation period.  The Commissioner can toll the 60-day period of limitation.  See Bowen v. City of New York, 476 U.S. 467, 480 (1986). Here the plaintiff did request additional time to file her civil complaint, but the Commissioner denied the request.  In most cases, it is the Commissioner who should determine whether to extend the sixty-day period; a court may extend the period, but only in cases "where the equities in favor of tolling the limitations period

are 'so great that deference to the agency's judgment is inappropriate.'" Id. (quoting Mathews v. Eldridge, 424 U.S. 319, 330 (1976)).  The court may apply the doctrine of equitable tolling only where "a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'"  Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

In opposition to the motion to dismiss, the plaintiff states:

> Ms. Dionne has been diagnosed with Cognitive Impairment and has undergone Brain MRI testing to rule out neurologically-based dementia. She is very forgetful (Generations, 10/8/13) and loses her way and forgets where she is going, and suffers from word-finding difficulties and confusion (Generations, 10/8/13). She has been diagnosed with Severe Recurrent Major Depressive Disorder, Mood Disorder and Osteoarthritis.
>
> Ms. Dionne's treating doctor, Dr. Jay Patel, has described disabling impairments, which would prevent Ms. Dionne from being able to follow through on a Complaint in a timely manner.  Ms. Dionne did not have assistance in completing the necessary forms, or in securing transportation to see her attorney, because he[r] husband is also elderly and disabled.
>
> Ms. Dionne lives in Brooklyn Connecticut. She lives over 20 miles away from the nearest Social Security Office. She lives 46 miles away from the nearest United States District Court, and she lives 113 miles away from her attorney's office. At her hearing, Ms. Dionne testified that she has significant problems leaving her home.

Pl.'s Response to Mot. Dismiss at 2-3 (Doc. No. 15).

In Canales v. Sullivan, 936 F.2d 755 (2d Cir. 1991), the court recognized that

> a due process claim "seems peculiarly apropos in the context of Social Security disability benefit proceedings in which, as here, the very disability that forms all or part of the basis for which the claimant seeks benefits may deprive her of the ability to understand or act upon notice of available administrative procedures." Id. (quoting Parker v. Califano, 644 F.2d 1199, 1203 (6th Cir.1981)).

Canales, 936 F.2d at 758. Where a plaintiff "proves that she was incapacitated for any length of time during the 60-day period, then the district court can determine whether, considering all of the circumstances of the case, equitable tolling is warranted." Canales, 936 F.2d at 759. In Canales, the plaintiff averred that her "mental impairment prevented her from comprehending her right to judicial review." Id.

However, in Canales the plaintiff had proceeded pro se in applying for Social Security benefits. Here, on the other hand, the plaintiff was represented at her hearing and at the Appeals Council. Thus the instant case is one where the right to judicial review was understood, if not by, on behalf of the claimant. See Garfield v. Astrue, No. C 03-4124 VRW, 2008 WL 5221095, at *8 (N.D. Cal. Dec. 12, 2008) ("Plaintiff, who was represented by counsel, had enough information to file her social security disability appeal on time.")

3

Nor is the instant case one where the circumstances surrounding the actions by the plaintiff's attorney make equitable tolling appropriate. "[E]quitable tolling requires a showing of both extraordinary circumstances and due diligence." Torres, 417 F.3d at 276. The plaintiff's counsel references in her opposition the possibility of the plaintiff independently completing the paperwork necessary to file a complaint, but there is no indication that such a scenario was ever contemplated.

The plaintiff's counsel also mentions the plaintiff's inability to meet with her attorney but it is not apparent how that inability constituted an impediment to counsel filing a complaint. The plaintiff's counsel gave the same two explanations to the Appeals Council in a letter dated June 18, 2015, requesting the extension. In light of the fact that the court cannot discern from the explanation given by the plaintiff's counsel how the plaintiff was facing extraordinary circumstances or pursuing her rights diligently, the court cannot conclude that there are present here equities in favor of tolling the limitations period that are so great that deference to the agency's judgment in denying the requested extension is not appropriate.

For the reasons set forth above, the Motion to Dismiss (Doc. No. 12) is hereby GRANTED.

The Clerk shall close this case.

It is so ordered.

Signed this 16th day of March, 2017 at Hartford, Connecticut.

<pre>
              _____/s/AWT_____
                  Alvin W. Thompson
               United States District Judge
</pre>